[No. 16200.   Department Two.   March 30, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Ernest Miller et al., Appellants,* v. J. K. THORNTON, *Respondent.*[1]

SCHOOLS AND SCHOOL DISTRICTS (8)—ALTERATION OF DISTRICTS—POWERS OF SUPERINTENDENT. The power of the county superintendent of schools under Rem. Code, § 4433, to change the boundaries of school districts being a political one, his exercise of the power with respect to certain districts does not preclude action on subsequent petitions for alteration of the same districts.

SAME (11)—ALTERATION OF DISTRICTS—APPEAL—REVIEW. The fact that an order of the county superintendent of schools changing district boundaries was appealed to the board of county commissioners and a decision rendered thereon unappealed from would not constitute the board's decision res judicata within the provisions of Rem. Code, § 4711, since such section applies only to matters within the board's power to finally decide, such as allowance of claims.

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered January 20, 1920, upon findings in favor of the defendant, denying a writ of prohibition.   Affirmed.

*John W. Hanna* and *Barrows, Hanna & Lebeck,* for appellants.

PARKER, C. J.—The relators commenced this proceeding in the superior court for Douglas county, seeking a writ prohibiting the defendant Thornton, as superintendent of public schools of that county, from hearing, or in any manner entertaining jurisdiction over, the question of changing the boundaries of school districts No. 22 and No. 116 of that county, upon petition of certain residents and patrons of those districts. From a judgment of the superior court, denying to the relators the relief prayed for, they have appealed to this court.

[1]Reported in 196 Pac. 585.

The controlling facts are not in dispute and may be summarized from the record before us, as follows: On March 26, 1919, certain residents and patrons of the school districts petitioned respondent, as superintendent of public schools, to transfer certain territory from district No. 22 to district No. 116, invoking his power and authority in that behalf under Rem. Code, § 4433. A hearing was had before the superintendent, resulting in a decision and order by him as prayed for by the petitioners. Thereafter an appeal from his decision and order was taken to the board of county commissioners. A hearing upon that appeal resulted in a decision and order by the board of county commissioners on June 4, 1919, modifying the decision and order of the superintendent. This decision and order of the board of county commissioners remains undisturbed in its force and effect, in so far as any appeal therefrom or challenge thereof being made in the courts is concerned. On July 7, 1919, certain of the petitioners who had signed the first petition signed and filed with the respondent, as superintendent of public schools, another petition asking changes in the boundaries of school districts No. 22 and No. 116, somewhat different than that prayed for in the first petition. Notice of hearing upon this second petition being given, and respondent, as county superintendent of schools, being about to proceed with such hearing, this proceeding was instituted in the superior court of Douglas county, seeking to prohibit him from entertaining jurisdiction over the subject-matter thereof, resulting in the judgment of that court denying such prohibition, from which this appeal is taken.

It is contended in behalf of appellants that the county superintendent is proceeding without jurisdiction, because of the decision rendered by the county

commissioners upon appeal from his previous decision and order being a final adjudication of the question there involved and, as claimed, being therefore a final adjudication of the question presented to him upon the second petition. Counsel for appellants invoke the provision of Rem. Code, § 4711, that: "In decisions of appeal by . . . the board of county commissioners the decision or order shall be final unless set aside by a court of competent jurisdiction . . ." If this were a controversy over some private right within the power of the board of county commissioners to finally decide, like, for instance, the allowance of a claim or some other specific right to be settled by the board's decision for all time, it might be that its unreversed decision and order in such case would be final and conclusive as a final determination of such right. But such is not this case. The question here involved is purely political; and, when once decided, no matter how conclusive such decision may be for the time being, it is not final in the sense that it is thereby decided that the territorial limits of the school districts are fixed and unchanged for all time. We think the doctrine of *res judicata* has no application whatever to a case of this kind, and would not be controlling here even if the two petitions addressed to the county superintendent of schools were exactly the same, both as to all of the signatures thereto and as to the description of the territory sought to be transferred from the one school district to the other. Our attention has not been directed to any provision of our statutes limiting the periods within which, or the number of times, the jurisdiction of the county superintendent of schools may be invoked looking to the change of the territorial boundaries of school districts. The superior court was clearly right in declining to

interfere with the exercise of jurisdiction by the county superintendent of schools under the second petition.

The judgment is affirmed.

MOUNT, MAIN, TOLMAN, and MITCHELL, JJ., concur.